******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LUCIA CINOTTI *v.* MICHAEL DIVERS
(AC 35352)

Beach, Alvord and Borden, Js.

*Argued March 4—officially released July 1, 2014*

(Appeal from Superior Court, judicial district of
Ansonia-Milford, Malone, J.)

*John R. Williams*, for the appellant (plaintiff).

*George J. Markley*, with whom was *Patricia Berlin*,
for the appellee (defendant).

*Opinion*

BEACH, J. The plaintiff, Lucia Cinotti, appeals from the judgment of the trial court dissolving her marriage to the defendant, Michael Divers, and issuing certain financial orders therein. The plaintiff claims that the court abused its discretion in denying her requests for additional continuances of the trial date. We disagree and, accordingly, we affirm the judgment.

The following facts and procedural history are relevant to our resolution of the appeal. On November 29, 2011, the plaintiff instituted this action seeking dissolution of the parties' ten year marriage, alimony, and a division of property. During the months prior to the dissolution of the parties' marriage, the plaintiff was represented by four different attorneys.[1]

In the months leading up to trial, the plaintiff made multiple requests for production to the defendant. The first was a mandatory request for disclosure and production served on or about November 29, 2011. In that request, the plaintiff sought various financial records and property documents belonging to the defendant, including: his state and federal income tax returns; IRS forms; pay stubs; bank account statements; records pertaining to his accounts with financial institutions and brokers; statements regarding interest earned from IRA, retirement, and deferred compensation plans; and statements regarding life insurance plans taken out in the name of the plaintiff or the defendant. The plaintiff also sought written appraisals regarding assets owned solely or jointly by the defendant, copies of deeds and conveyances of real property or time shares containing the defendant's name along with corresponding mortgage, equity line, mortgage application, and loan documentation, and a statement from the defendant's employer summarizing the defendant's insurance policies and detailing coverage, cost of coverage, and spousal benefits following dissolution. In a supplemental request for disclosure and production, the plaintiff sought statements pertaining to various credit card accounts held by the defendant.

Then began a series of motions and court orders pertaining to the discovery in this case. On March 9, 2012, the plaintiff filed her first motion to compel, which articulated ten ways in which the defendant had failed to provide the requested discovery. After a hearing, the court granted the motion per the agreement of both parties. On March 30, 2012, the plaintiff, then self-represented, filed a second motion to compel, alleging twelve deficiencies with the defendant's production. In April and May, 2012, the plaintiff filed two additional motions to compel, objecting to the defendant's claims that he had already complied with her earlier requests. The court ordered the defendant to comply, by June 4, 2012, with prior court orders relating to the granting of the

plaintiff's March 30, 2012 motion to compel.

On May 29, 2012, the court conducted a status conference on the record. The defendant claimed that he had complied with all of the plaintiff's requests for production. The plaintiff insisted that the defendant had not complied with all of her requests and told the court that she had not yet received several financial documents. The court ordered the parties to meet and to attempt to resolve their disagreement.

On June 8, 2012, the court, *Turner, J.*, after reviewing all of the documents the defendant's attorney had produced to the plaintiff, "[found] that there has not been compliance with all discovery requested in [the plaintiff's] requests for production dated March [9] 2012." The court ordered the defendant to comply with the plaintiff's March 9, 2012 discovery request and ordered both parties to provide each other with updated financial affidavits. The court granted the plaintiff's request to have thirty days to obtain a new attorney and ordered the plaintiff to contact her former counsel, Attorney John Mager, in order to schedule a time to go to his office and pick up discovery produced to him by Attorney Patricia Berlin, the defendant's attorney.[2]

On June 11, 2012, the plaintiff moved for a continuance of a status conference that had been scheduled for July, 2012, on the ground that the defendant had failed to comply with discovery. She listed specific missing documents. The court denied the motion.

On July 20, 2012, after a hearing, the court assigned the matter for trial on November 20 and November 28, 2012. The court then issued additional discovery orders, ordering the parties to produce various documents to each other, based on its understanding of the discovery issues in the case.

On October 24, 2012, the plaintiff moved for a continuance of the trial date from November 20, 2012, to February 2013, on the ground that the defendant had not fully complied with her previous discovery requests. The court denied the motion.

On November 5, 2012, the plaintiff, then represented by Costello and McCormack, P.C., filed a motion to compel. The motion alleged that the defendant's most recent production of documents on August 15, 2012, in response to the court's July 20, 2012 order, was incomplete. The plaintiff again filed a motion for a continuance of the trial date from November 20, 2012, to February, 2013. The court did not rule on the motions.

On November 7, 2012, the court, *Malone, J.*, appointed Attorney Jocelyn Hurwitz, a special discovery master, and ordered the parties to report back to the court on November 14, 2012. On November 14, 2012, the parties and Hurwitz appeared before the court. Hurwitz stated that she had met with the defendant, his attorney, and the plaintiff's attorney to review the docu-

ments that had been produced to the plaintiff. Hurwitz reported that all parties were cooperative and that she had "every reason to believe" that the defendant, and his attorney, had complied with the plaintiff's discovery requests and had produced all of the documents that they claimed to have produced. Hurwitz informed the court that it was nonetheless clear that the plaintiff, and her attorney, did not have all of the documents that she requested in 2011. Hurwitz stated that, in her opinion, even "[i]f those documents are received, say for the sake of argument today, I think Attorney [Kieran] Costello has legitimate questions that he needs to ask [the defendant] at a deposition with regard to, for instance, certain accounts that may have been closed over time, that no longer exist . . . . I think those are legitimate questions that Attorney Costello should have the opportunity to ask [the defendant] at a deposition, for instance, even once the documents are complete." The court iterated that it understood that the plaintiff's attorney did not have in his possession all of the documents that the plaintiff had requested and also noted that given that the plaintiff had been represented by a succession of attorneys, the missing documents "may have been produced to another attorney." The court denied the plaintiff's requests to continue the trial until February 2013, and, instead, moved the first day of trial from November 20 to November 28, 2012. The court then ordered the defendant to provide the plaintiff with bank authorizations and copies of missing financial statements by November 16, 2012.

On November 17, 2012, the plaintiff, at this time self-represented, again sought a continuance of the trial date on the grounds that the defendant had failed to comply with the discovery due on November 16, 2012, and had failed to provide an updated financial affidavit. The plaintiff claimed there were thirty-two missing documents. The court denied the motion.

On November 21, 2012, the plaintiff again sought a continuance of the trial date on the ground that the defendant had failed fully to comply with her discovery requests. The court denied the motion. The plaintiff then moved to transfer the case, alleging that she was unable to receive a fair trial in the Milford court because her four requests for a continuance of the trial date had been denied thereby "unfairly pressur[ing her] to put on her case without the discovery [she] sought." The court also denied that motion.

On November 26, 2012, two days before trial, the plaintiff again moved for a continuance of the trial date, arguing that she needed at least two weeks additional time in order to obtain an attorney. The court denied the motion.

On November 27, 2012, the eve of trial, the plaintiff again moved for a continuance of the trial date on the ground that the defendant had failed to comply with

trial management orders and had not provided her with an updated financial affidavit, and that she needed additional time in order to find an attorney to represent her at trial. The court denied the motion.

Trial commenced on November 28, 2012.[3] On the first day of trial, the court stated: "We're going to start the trial. . . . The file is replete with various requests for continuances on almost everything anytime there's been a court date, and I'm not going to throw it at one person or the other, but it's just been constant. . . . The matter needs to commence." The plaintiff, representing herself, informed the court that she had requested continuances of the trial date because she had "not received documents that pertain to this case in time for trial." The plaintiff did not specify which documents she had not received.[4] When asked if she was ready to proceed, however, the plaintiff answered in the affirmative. The plaintiff then proceeded to call the defendant as an adverse witness and examined him for three days.

On January 17, 2013, the court, *Malone, J.*, rendered judgment dissolving the parties' marriage and issued various financial orders pertaining to alimony and the division of the parties' property. This appeal followed.

We first set forth our standard of review. "Decisions to grant or to deny continuances are very often matters involving judicial economy, docket management or courtroom proceedings and, therefore, are particularly within the province of a trial court. . . . Whether to grant or to deny such motions clearly involves discretion, and a reviewing court should not disturb those decisions, unless there has been an abuse of that discretion, absent a showing that a specific constitutional right would be infringed." (Internal quotation marks omitted.) *Watrous* v. *Watrous*, 108 Conn. App. 813, 827–28, 949 A.2d 557 (2008); see also *West Hartford* v. *Murtha Cullina, LLP*, 85 Conn. App. 15, 26, 857 A.2d 354 ("we review a [trial court's] denial of a motion for a continuance to obtain discovery under an abuse of discretion standard"), cert. denied, 272 Conn. 907, 863 A.2d 700 (2004). "To prove an abuse of discretion, an appellant must show that the trial court's denial of a request for a continuance was [unreasonable or] arbitrary." (Internal quotation marks omitted.) *Peatie* v. *Wal-Mart Stores, Inc.*, 112 Conn. App. 8, 12, 961 A.2d 1016 (2009).

On appeal, our "function is not to determine if the trial court could have reached a conclusion other than the one reached but whether the court could reasonably have reached the conclusion it did. An appellate court should guard against substituting its own interpretation of the evidence on the cold record for that of the trial court on the live record. A finding cannot be rejected just because the reviewing judges personally disagree with the conclusion or would have found differently

had they been sitting as the [fact finder]. . . . In deciding whether the trial court could reasonably conclude as it did, we must follow the unquestioned rule that great weight is due the action of the trial court and every reasonable presumption should be allowed in favor of the correctness of its action." (Citations omitted; internal quotation marks omitted.) *Hill* v. *Hill*, 35 Conn. App. 160, 166–67, 644 A.2d 951, cert. denied, 231 Conn. 914, 648 A.2d 153, cert. denied, 513 U.S. 1059, 115 S. Ct. 669, 130 L. Ed. 2d 603 (1994).

"Our Supreme Court has articulated a number of factors that appropriately may enter into an appellate court's review of a trial court's exercise of its discretion in denying a motion for a continuance. Although resistant to precise cataloguing, such factors revolve around the circumstances before the trial court at the time it rendered its decision, including: the timeliness of the request for continuance; the likely length of the delay; the age and complexity of the case; the granting of other continuances in the past; the impact of delay on the litigants, witnesses, opposing counsel and the court; the perceived legitimacy of the reasons proffered in support of the request; [and] the defendant's personal responsibility for the timing of the request . . . ." (Internal quotation marks omitted.) *Watrous* v. *Watrous*, supra, 108 Conn. App. 828.

The plaintiff claims that the court abused its discretion in denying her requests for additional continuances of the trial date and "forced her to go to trial without adequate financial discovery." She contends that she is entitled to a new trial as to all financial orders. The defendant argues that the court did not abuse its discretion in refusing to grant the plaintiff additional continuances of the trial date because (1) he complied with all discovery, (2) the plaintiff had an adequate opportunity to cross-examine him at trial, (3) the plaintiff had adequate time to secure a new attorney before the start of trial, and (4) the case had been pending for more than one year and he was entitled to have the case tried.

After a thorough review of the record we conclude that, in the circumstances presented in this case, the court did not abuse its discretion in denying the plaintiff's requests for additional continuances of the trial date.

First, it is clear from the record that the court, as well as the defendant and his attorney, expended significant time and effort attempting to resolve the discovery issues in this case.

Second, while it is not entirely clear from the record whether the plaintiff received all of the requested documents, *it is clear* from the record that on the first day of trial the plaintiff indicated that she was ready to proceed with trial. The plaintiff did not inform the court at that time, as she had at times in the past, that she

was missing specific documents without which she could not proceed. Nor, on appeal, does the plaintiff direct this court's attention to specific documents that she had both previously requested and failed to receive from the defendant as of the first day of trial.

Third, the "[t]rial court has a responsibility to avoid unnecessary interruptions, to maintain the orderly procedure of the court docket, and to prevent any interference with the fair administration of justice." (Internal quotation marks omitted.) *Peatie* v. *Wal-Mart Stores, Inc.*, supra, 112 Conn. App. 12. When considering whether to grant a continuance the court must look at the effect of delay on both parties. Here, as of the first day of trial, the case had been pending for more than one year. The plaintiff had filed at least seven motions requesting a continuance of the trial date and had been represented intermittently by a series of attorneys. See footnote 1 of this opinion. The court had already granted the plaintiff a continuance of the trial date. See, e.g., *Watrous* v. *Watrous*, supra, 108 Conn. App. 828 (in ruling on motion for continuance, court can consider granting of other continuances in past). The court had appointed a special master to sort through the remaining discovery issues, and had given the plaintiff an additional week of time in which to prepare for trial, to depose the defendant, and to sort through documents that the court ordered the defendant to produce to her. While the plaintiff undoubtedly had an interest in obtaining thorough and complete discovery, the defendant had an equally important interest in a timely resolution of the matter.

The trial court was in a far better position than we are to assess the degree of the defendant's compliance and the extent to which the plaintiff was or was not prejudiced in her ability to present her position at trial. On the record before us, we do not find that the court abused its discretion in denying the plaintiff's requests for additional continuances of the trial date.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] From November, 2011, to March, 2012, the plaintiff was represented by Attorney John Mager, who filed the original summons and complaint and the initial request for disclosure and production of documents. In March, 2012, the plaintiff filed an appearance as a self-represented party. From July 20, 2012, to October 9, 2012, the plaintiff was represented by Attorney Christopher Goulden. On October 9, 2012, the plaintiff again filed an appearance as a self-represented party. From October 24, 2012, to November 15, 2012, the plaintiff was represented by Costello and McCormack, P.C., Attorneys-At-Law. On November 15, 2012, the plaintiff filed her third appearance as a self-represented party. The plaintiff continued to represent herself through the trial of the case until December 7, 2012, the last day of trial, when Attorney Ellen Telker filed an appearance on behalf of the plaintiff.

[2] The court issued the following order directed at the plaintiff: "Attorney Berlin states that Attorney Mager's office has some discovery waiting to be picked up by the plaintiff. Attorney Berlin also gave duplicate copies of discovery requested back in April to the plaintiff in court today. The plaintiff is ordered to go through all of Attorney Berlin's requests before she leaves court today, and report back to the court if all of the discovery is complied with. The plaintiff must also go to Attorney Mager's office to obtain the

discovery waiting there for her to pick up. The court will not hear any other motions regarding discovery until the plaintiff has gone through all discovery from Attorney Berlin and Attorney Mager's office."

[3] The case was tried over the course of four days—the plaintiff represented herself for the first three days, and was represented by Attorney Telker on the last day.

[4] The plaintiff filed a posttrial brief arguing that she suffered prejudice as a result of the defendant's failure to provide requested financial discovery. Nowhere in that brief does the plaintiff specify the requested financial documents that the defendant failed to provide.

---